**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROBYN R. LEIGH-WELLS, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HARRIS & HARRIS, LTD., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Robyn R. Leigh-Wells brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Harris & Harris, Ltd.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial*

*Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

8.     Venue in this District is proper because:

(a)  Defendant's collection communications were received by plaintiff within this District;

(b)  Defendant is located in this District.

## PARTIES

9.     Plaintiff Robyn R. Leigh-Wells is an individual who resides in the Northern District of Illinois.

10.    Defendant, Harris & Harris, Ltd., is an Illinois corporation with its principal place of business at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois. Its registered agent is MS Registered Agent Services, 191 North Wacker Drive, Suite 1800, Chicago, Illinois 60606.

11.    Defendant Harris & Harris, Ltd., is engaged in the business of collecting consumer debts allegedly owed to others, using the mails and telephone system for that purpose.

12.    Defendant states on its web site that it is a "firm of hundreds of collections professionals employing the latest technology and ethical practices to help businesses recover revenue." (http://www.harriscollect.com/a-history-of-caring/)

2

13.     Defendant holds a collection agency license from the Illinois Department of Financial & Professional Regulation.

14.     Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

## FACTS

15.     Defendant has been attempting to collect from plaintiff a health care debt owed to others.

16.     On or about March 9, 2017, defendant sent plaintiff the letter attached as Exhibit A, seeking to collect such debt.

17.     Exhibit A is a form letter.

18.     Exhibit A has a form designation.

19.     Exhibit A describes on the reverse how the consumer may authorize electronic payments, and states, "You may cancel this Authorization by calling us at (312) 893-4774 at least three business days before you wish the cancellation to be effective."

20.     In fact, a consumer is not required to call defendant in order to cancel an electronic payment authorization.

21.     Under the Electronic Funds Transfer Act and Regulation E, a consumer may also cancel an electronic payment authorization (a) in writing or (b) by means of oral or written notice to the financial institution from which the payment is to be made, three days in advance. 12 C.F.R. § 1005.10(c)(1). The latter would allow a later cancellation than stated in defendant's letter, and to do so without speaking to defendant's collectors.

22.     Defendant is requiring a consumer to call and speak to a debt collector before allowing plaintiff to cancel an authorized payment, giving defendant another attempt to collect the alleged debt and discouraging consumers from ever cancelling a payment authorization.

## COUNT I – FDCPA

23.     Plaintiff incorporates Paragraphs 1-22.

24.     Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) by making the misrepresentation described above.

## CLASS ALLEGATIONS

25.     Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

26.     The class consists of (a) all individuals with addresses in Illinois (b) to whom defendant sent a letter in the form represented by Exhibit A (c) seeking to collect a health care debt (d) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

27.     On information and belief, the class exceeds 40 persons, and is so numerous that joinder of all members is not practicable.

28.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

29.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

30.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

31.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        (a) Individual actions are not economically feasible.

        (b) Members of the class are likely to be unaware of their rights;

(c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    a.   Statutory damages;

    b.   Attorney's fees, litigation expenses and costs of suit;

    c.   Such other and further relief as the Court deems proper.

Respectfully submitted,

 s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)